In the Matter of CARL F. GUY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, January 31, 1983

APPEARANCES OF COUNSEL

*David E. Brennan* (*Paul J. Ginnelly* of counsel), for petitioner.

*Carl F. Guy,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice by this court on November 12, 1958. He maintains an office for the practice of law in Syracuse, New York.

Raymond McLean died on May 18, 1975. His last will and testament named respondent as executor. On November 13, 1975 respondent was issued letters testamentary naming him sole executor of the decedent's estate. Respondent also served as attorney representing himself as executor.

By petition dated May 5, 1980, the Grievance Committee for the Fifth Judicial District charged that respondent was dilatory in answering inquiries from beneficiaries of the estate; that he had commingled and converted estate funds to his own use; that he had neglected to preserve and

identify clients' funds; and that he did not maintain proper and adequate records which would reflect the financial transactions of the estate.

The referee appointed by this court to find and report the facts determined that despite frequent requests by distributees of the estate "up to 1980", respondent had failed to marshal and distribute the assets of the estate. He concluded that respondent was dilatory and neglectful in the administration of the estate and thus had violated DR 6-101, DR 9-102 (B) (3) and DR 9-102 (B) (4) of the Code of Professional Responsibility.

The referee further found that in the fall of 1977 respondent, after making several withdrawals from estate savings accounts, deposited $28,500 in cash in a safe-deposit box owned jointly by respondent and his wife, "claiming that $24,000 were estate moneys and $4,500 were a portion of his attorney's fees from this estate." The referee also found that in November, 1979, respondent opened in his sole name a cash management account with a brokerage firm in Syracuse, New York, and deposited in that account "at least $9,000 of estate moneys, together with other moneys of his own." The referee concluded that respondent's conduct with respect to his claim that estate moneys were placed in the safe-deposit box and his investment of estate moneys in a cash management account in his own name constituted commingling of estate assets with his own funds in violation of rule 1022.5 (a) and (b) of the rules relating to attorneys of the Appellate Division, Fourth Department (22 NYCRR 1022.5 [a], [b]). The referee also determined that respondent's conduct constituted a violation of EPTL 11-1.6.

The referee further found that from May 4, 1976 through May 7, 1977, respondent, acting as executor and without first obtaining an order of the Surrogate's Court, wrote estate checks payable to himself in the total sum of $6,500 as and for attorney's fees. The referee concluded therefrom that respondent violated SCPA 2111.

The referee also found that the distributees of the estate retained personal counsel and commenced proceedings in the Surrogate's Court of Onondaga County to compel the

respondent to account, and that thereafter the distributees were paid their shares.

The referee's findings and conclusions are fully supported in the record and are confirmed. We add only that the placement of estate moneys in a safe-deposit box owned jointly by respondent and his wife, and the investment of estate moneys in a cash management account in the name of respondent constituted conversions of clients' funds. In so holding, we reject respondent's argument that his conduct with respect to estate moneys was authorized under the discretionary powers granted him as executor pursuant to the provisions of subparagraph (A) of paragraph TWENTY-EIGHTH of decedent's will (see *Matter of Harris,* 169 Misc 943; see, also, SCPA 719, subd 7).

Accordingly, respondent should be suspended from the practice of law for a period of two years and until the further order of this court.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and MOULE, JJ., concur.

Order of suspension entered.